# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

REX E. CONNER, JR., an individual,

    Plaintiff,      )
)
)
)
v.      )
)
)
)  CASE NO.: 13-CV-1236-EFM-KMH
CLEAN HARBORS COFFEYVILLE,  )
LLC.,  )
)
    Defendant.  )
)

-----------------------------------------------------------------------------------------------------------------

## COMPLAINT

FOR HIS COMPLAINT against the Defendant, the Plaintiff, by and through his undersigned attorney, alleges as follows:

<u>Jurisdiction and Venue</u>

1. This Court has jurisdiction over the Plaintiff's claims brought under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 and 2617, pursuant to 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1392(b).

<u>Parties</u>

2. Plaintiff Rex E. Conner, Jr. ("Conner") is a former employee of defendant company. Conner worked for the defendant from January 2005 through approximately late March of 2013

when Clean Harbors terminated Conner's employment.  During this time, Conner worked as an electrician.

3.  Defendant Clean Harbors Coffeyville, LLC ("Clean Harbors") is a corporation which, among other things, provides a range of recycling, treatment and disposal options for client waste streams, including hazardous and non-hazardous materials and liquids.

<u>Relevant Facts</u>

4.  In or about October 5, 2012, Conner required rotator cuff surgery for on off-the-job injury.

5.  Clean Harbors provided Conner with notification of certain of his rights and obligations under the FMLA.  The notification advised Conner that he would need a doctor's release before he could return to work.

6.  Conner took FMLA leave from and after his surgery through January 3, 2013.  At that time, Conner's orthopedic surgeon gave him a release to work without restrictions.  Conner took the release to Clean Harbors with the intention of returning to work.  However, Clean Harbors' Plant Manager refused to speak to Conner and to arrange for his return to work.  Clean Harbors then told Conner that he would need to obtain a release from the company's doctor.  On or about January 10, 2013, Clean Harbors' doctor gave Conner a full release to return to work without restrictions.

7.  During January, Conner contacted the company several times about returning to work.  Clean Harbors did not answer his calls.  At the end of January, the office secretary contacted Conner and told him that he would need to take a "Function Test" with a company selected individual on February 8, 2013.  However, Clean Harbors would not provide Conner with a job

description so that he could know the job functions for which he would be tested.  Conner subsequently contacted the company and advised it that he would not take the "Function Test."

8.  A few days after Conner advised the company that he would not take the "Function Test," the safety person at Clean Harbors called Conner and told him that she thought that Conner was going to retire anyway.  Conner had no immediate plans to retire and wanted to continue to work in the job that he had when he went out on FMLA leave.  For the rest of February going into March, no one contacted Conner about his returning to work.

9.  At the end of March 2013, Conner received a notice from his health insurance carrier that his coverage was being terminated.  Conner also received a request from Clean Harbors that he return a blank physical waiver form that it submitted to him—though it had no date, nor did it have his name on the form.

10.  While Conner was out on FMLA leave, Clean Harbors had hired a person to fill Conner's position.

## First Claim for Relief:  Violation of the FMLA

11.  Conner incorporates paragraphs 3 through 10 as if set forth fully here.

12.  Clean Harbors interfered with Conner's FMLA rights and retaliated against him for the exercise of his rights when it refused to return him to work and, subsequently, terminated his employment.

13.  Clean Harbors' violation of the FMLA has caused Conner substantial economic loss.

WHEREFORE, Conner prays that this Court enter judgment in his favor and award him damages, including liquidated and compensatory damages, and costs and attorneys' fees.

General Prayer for Damages

The Plaintiff prays for such additional legal, equitable and declaratory relief as this Court deems appropriate.

Demand for Jury Trial

The Plaintiff demands a jury trial on all matters triable to a jury.

Designation of Place of Trial

The Plaintiff designates Wichita, Kansas, as the place for trial.

s/ Michael M. Shultz  
Michael M. Shultz, Ks Bar # 18093  
Law Firm of Michael M. Shultz  
901 Kentucky, Suite 305  
Lawrence, Kansas 66044  
785-838-4300  
Michael@theshultzlawfirm.com